AP-77,030
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/29/2014 9:11:55 PM
Accepted 12/30/2014 8:06:43 AM
ABEL ACOSTA
CLERK

## NO. AP-77,030

### IN THE
### COURT OF CRIMINAL APPEALS
### OF TEXAS

---

**MATTHEW LEE JOHNSON,**
**Appellant**

v.

**THE STATE OF TEXAS,**
**Appellee**

---

### STATE'S MOTION FOR LEAVE TO FILE BRIEF
### EXCEEDING WORD LIMIT

---

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

THE STATE OF TEXAS, by and through the Criminal District Attorney of

Dallas County, respectfully requests leave to file a brief exceeding the 37,500-

word limit. In support of this motion, the State would show the following:

### I.

Appellant is confined pursuant to the judgment and sentence of the 363rd

Judicial District Court of Dallas County, convicting him of the capital murder of

Nancy Harris. On November 8, 2013, the jury answered the special issues so as to

support the imposition of a death sentence, and the trial court sentenced him to

death. Appeal to this Court is automatic. After requesting two extensions,

1

Appellant filed his brief on August 1, 2014. An amended brief was filed on August 21, 2014. The State's brief was originally due on September 2, 2014, but the deadline was extended until tomorrow, December 31, 2014. The State timely tenders its brief along with this motion. The State's brief is 42,769 words in length (excluding caption, table of contents, index of authority, statement regarding oral argument, statement of the case, summary of the argument, signature, certificate of compliance, and certificate of service).

**II.**

Rule 9.4(i)(2)(A) provides that a brief on direct appeal in a death penalty case is limited to 37,500 words if computer-generated. Rule 9.4(i)(4), however, provides that this Court may, on motion, permit a longer brief. The State respectfully requests permission to exceed the word limit by 5,269 words for the following reasons:

Appellant's brief contains 65 issues and is 148 pages long. Nearly half of the issues pertain to jury selection, all of which required an in-depth analysis of each of the specified jurors' responses on their questionnaires and during individual voir dire. Additionally, several of the issues contained in Appellant's brief contain conclusory statements but not a full application of the law to the facts. The State has attempted to fully address the merits of Appellant's claims in addition to its arguments regarding preservation and harm. Finally, in three

issues, Appellant challenged the trial court's charge to the jury during the punishment phase. These three issues contain 76 sub-issues. As above, the State attempted to briefly address each of the issues.

## III.

The State responded with brevity where possible. That said, given the serious nature of the case and the issues presented, a factual and legal analysis of some depth was required.

## IV.

For all of the foregoing reasons, counsel respectfully requests leave to file a brief that exceeds the word limit provided in Tex. R. App. P. 9.4(i)(2)(A).

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests the Court grant the State's request for leave to file a brief exceeding the word limit.

Respectfully submitted,

*Chrsf. Womble*

**Craig Watkins**
**Criminal District Attorney**
Dallas County

**Christine Womble**
**Assistant District Attorney**
State Bar No. 24035991
Frank Crowley Courts Bldg
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3625 *phone*
(214) 653-3643 *fax*
CWomble@dallascounty.org

## CERTIFICATE OF SERVICE

I certify that a true copy of this motion was served on John Tatum, counsel for Appellant, 990 South Sherman Street, Richardson, Texas, 75081, via email on December 30, 2014.

_Christine Womble_
Christine Womble